UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN CRAWFORD, #193496,

    Petitioner,

v.                                  CASE NO. 18-CV-13159
                                    HON. GEORGE CARAM STEEH
SHERMAN CAMPBELL,

    Respondent.
_____/

## ORDER DENYING MOTION FOR STAY AND ABEYANCE

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Darrin Crawford ("petitioner") asserts that he is being held in violation of his constitutional rights. The petitioner was convicted of assault with intent to murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm (felon in possession), MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (felony firearm), second offense, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced to 23 to 35 years imprisonment on the assault conviction, a concurrent term of three to

five years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction in 2013. In his current petition, he raises claims concerning jury oath, the sufficiency of the evidence, and the validity of his sentence. The respondent has not yet filed an answer to the petition or the state court record, but those materials are due on April 16, 2019. The matter is before the Court on the petitioner's motion for stay and abeyance of the habeas petition so that he may return to the state courts and exhaust additional issues concerning an amended trial transcript and a settled record hearing and the effectiveness of appellate counsel. For the reasons that follow, the Court denies the petitioner's motion.

## II.

Following his convictions and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims, including the claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions and sentences. People v. Crawford, No. 319998, 2015 WL 5945372 (Mich. Ct. App. Oct. 13, 2015) (unpublished). The petitioner filed an application for leave to appeal with the Michigan Supreme Court, which remanded the case to the Michigan

Court of Appeals for further consideration of the jury oath claim, but denied leave to appeal in all other respects. People v. Crawford, 499 Mich. 981, 882 N.W.2d 153 (July 26, 2016). On remand, the Michigan Court of Appeals remanded the case to the trial court for settlement of the record, concluded that the jury had been sworn, and again affirmed the petitioner's convictions. People v. Crawford, No. 319998, 2016 WL 7130906 (Mich. Ct. App. Dec. 6, 2016) (unpublished). The Michigan Supreme Court subsequently denied leave to appeal. People v. Crawford, 501 Mich. 975, 906 N.W.2d 784 (Feb. 20, 2018).

The petitioner dated his federal habeas petition on October 4, 2018. He dated the instant motion on February 5, 2019.

### III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the

prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005).

Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." Id. at 277.

The petitioner has not shown the need for a stay. His current habeas claims appear to be exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, see Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); Lawrence v. Florida, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on February 20, 2018 and the time for seeking a writ of certiorari with the United States Supreme Court expired on May 21, 2018. The petitioner dated his federal habeas petition on October 4, 2018. Thus, less than five months had expired when the petitioner instituted this action. While the time in which this case has been

pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. See, e.g., Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002). Given that more than seven months of the one-year period remains, the petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay and the petitioner's new claims do not appear to be plainly meritless, the petitioner has not shown good cause for failing to exhaust his additional issues in the state courts before seeking federal habeas review. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse the petitioner's failure to exhaust all of his issues on state collateral review

before proceeding in federal court. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Kint v. Burt, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Given such circumstances, a stay is unwarranted.

## IV.

Accordingly, the Court **DENIES** the petitioner's motion for stay and abeyance. Should the petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**

Dated: February 21, 2019

                                                    s/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2019, by electronic and/or ordinary mail and also on Darrin Crawford #193496, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Marcia Beauchemin
Deputy Clerk